# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS E. CHAPMAN,
         Plaintiff,

  v.                                                    Case No. 07-C-0878

WALTER TASHINSKI, et al.,
         Defendants.

## ORDER

      Plaintiff filed this case on October 1, 2007. Pursuant to Fed. R. Civ. P. 4(m) plaintiff had 120 days from filing within which to effect service of the complaint upon the defendants. That time period expired on January 29, 2008. On October 18, 2007, plaintiff filed an affidavit of service with the court; however, this affidavit states only that defendant Tashinski was served with a copy of the "Consent to Jurisdiction by US Magistrate Judge" form. As discussed below, this does not constitute proper service. As no service otherwise appears to have been effected within the 120-day period, Rule 4(m) and Civil L.R. 41.1 allow me to dismiss the case without prejudice upon my own initiative after twenty days notice to the plaintiff. This order gives plaintiff that notice and will allow him a brief extension to secure service and file appropriate proof thereof.

      Because plaintiff proceeds pro se, I hereby put him on notice that certain rules govern how to effect proper service of the complaint and summons. I am enclosing for his benefit copies of Fed. R. Civ. P. 4 and Wis. Stat. § 801.11, which control the matter. If personal service is necessary, plaintiff should file as proof a notarized affidavit from the person effecting service or other proof as allowed by Rule 4 or § 801.11. An affidavit

regarding service should include the date, time, and location of personal service, a listing of the documents served (which must include the complaint <u>and</u> summons), and the name of the person who personally took possession of them.

**THEREFORE IT IS ORDERED** that plaintiff has 21 days from the date of this order (until May 1, 2008) within which to serve defendants <u>and</u> file proof of that service with the clerk of court. Plaintiff is hereby put on notice that if he fails to comply with this order this case will be dismissed.

Dated at Milwaukee, Wisconsin, this 11day of April, 2008.

/s_____
LYNN ADELMAN
District Judge

WIS STAT. § 801.11

A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

(1) Natural person. Except as provided in sub. (2) upon a natural person:

(a) By personally serving the summons upon the defendant either within or without this state.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

1m. In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

3

(2) Natural person under disability. Upon a natural person under disability by serving the summons in any manner prescribed in sub. (1) upon the person under disability and, in addition, where required by par. (a) or (b), upon a person therein designated. A minor 14 years of age or older who is not adjudicated incompetent and not otherwise under guardianship is not a person under disability for purposes of this subsection.

(a) Where the person under disability is a minor under the age of 14 years, summons shall be served separately in any manner prescribed in sub. (1) upon a parent or guardian having custody of the child, or if there is none, upon any other person having the care and control of the child. If there is no parent, guardian or other person having care and control of the child when service is made upon the child, then service of the summons shall also be made upon the guardian ad litem after appointment under s. 803.01.

(b) Where the person under disability is known by the plaintiff to be under guardianship of any kind, a summons shall be served separately upon the guardian in any manner prescribed in sub. (1), (5) or (6). If no guardian has been appointed when service is made upon a person alleged by the plaintiff to be incompetent to have charge of the person's affairs, then service of the summons shall be made upon the guardian ad litem after appointment under s. 803.01.

(3) State. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general or leaving them at the attorney general's office in the capitol with an assistant or clerk.

(4) Other political corporations or bodies politic. (a) Upon a political corporation or other body politic, by personally serving any of the specified officers, directors, or agents:

1. If the action is against a county, the chairperson of the county board or the county clerk;

2. If against a town, the chairperson or clerk thereof;

3. If against a city, the mayor, city manager or clerk thereof;

4. If against a village, the president or clerk thereof;

5. If against a technical college district, the district board chairperson or secretary thereof;

6. If against a school district or school board, the president or clerk thereof; and

7. If against any other body politic, an officer, director, or managing agent thereof.

(b) In lieu of delivering the copy of the summons to the person specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

(5) Domestic or foreign corporations or limited liability companies, generally. Upon a domestic or foreign corporation or domestic or foreign limited liability company:

(a) By personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication and mailing as provided in sub. (1).

(c) By serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

(d) If against any insurer, to any agent of the insurer as defined by s. 628.02. Service upon an agent of the insurer is not valid unless a copy of the summons and proof of service is sent by registered mail to the principal place of business of the insurer within 5 days after service upon the agent. Service upon any insurer may also be made under par. (a).

(6) Partners and partnerships. A summons shall be served individually upon each general partner known to the plaintiff by service in any manner prescribed in sub. (1), (2) or (5) where the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction under s. 801.05(2) to (10). A judgment rendered under such circumstances is a binding adjudication individually against

each partner so served and is a binding adjudication against the partnership as to its assets anywhere.

Federal Rules of Civil Procedure Rule 4

Rule 4. Summons

(a) Form. The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

(b) Issuance. Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

(c) Service with Complaint; by Whom Made.

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff

7

may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;

(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which the request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

8

(e) Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(f) Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

(g) Service Upon Infants and Incompetent Persons. Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the court may direct.

(h) Service Upon Corporations and Associations. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

(i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

10

(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

(3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

(B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

(j) Service Upon Foreign, State, or Local Governments.

(1) Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.

(2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

(k) Territorial Limits of Effective Service.

(1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or

(C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or

(D) when authorized by a statute of the United States.

(2) If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

(l) Proof of Service. If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. Proof of service in a place not within any judicial district of the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court. Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended.

(m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

(n) Seizure of Property; Service of Summons Not Feasible.

(1) If a statute of the United States so provides, the court may assert jurisdiction over property. Notice to claimants of the property shall then be sent in the manner provided by the statute or by service of a summons under this rule.

(2) Upon a showing that personal jurisdiction over a defendant cannot, in the district where the action is brought, be obtained with reasonable efforts by service of summons in any manner authorized by this rule, the court may assert jurisdiction over any of the defendant's assets found within the district by seizing the assets under the circumstances and in the manner provided by the law of the state in which the district court is located.