# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THOMAS E. CHAPMAN,**
        Plaintiff,

   v.                                         Case No. 07-C-0878

**WALTER TYSHYNSKY, et al.,**
        Defendants.

---

## DECISION AND ORDER

Pro se plaintiff Thomas E. Chapman brought this § 1983 action against defendant City of Milwaukee police officer Walter Tyshynsky and others. I granted defendants' motion to dismiss and allowed plaintiff to replead. Plaintiff filed an amended complaint, and I again granted defendants' motion to dismiss and again allowed plaintiff to replead. Plaintiff has now filed a second amended complaint, and defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff, a licensed taxicab driver, alleges that defendant Tyshynsky violated his Fourth Amendment right to be free from unreasonable seizures by repeatedly stopping him and unnecessarily examining his cab license. Plaintiff alleges that on July 8, 2008, Tyshynsky did this after plaintiff dropped off a customer at Miller Park. Plaintiff alleges that Tyshynsky did the same thing on October 3, 2009 when plaintiff attempted to drive away from the Pfister Hotel taxi stand. Plaintiff further alleges that on November 6, 2009, Tyshynsky picked him out of a line of taxicabs at the Hilton Hotel and checked his license for the sole purpose of harassing him.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Assuming the veracity of all well-pleaded factual allegations, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. To state a claim under § 1983, plaintiff must allege that: he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was visited upon him by a person or persons acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (U.S. 1980)

I will grant defendants' motion to dismiss in part. Plaintiff's second amended complaint presents no plausible claims against the City of Milwaukee, Mayor Barrett or the Common Council, and claims against these defendants will be dismissed. Plaintiff also presents no plausible Eighth Amendment claim, and such claim will be dismissed. However, plaintiff has stated a cognizable claim for violation of the Fourth Amendment against Tyshynsky. Liberally construing plaintiff's pleadings, as I must, and assuming the veracity of his allegations, I can reasonably infer that plaintiff was seized without reasonable suspicion that he had violated any law. See Delaware v. Prouse, 440 U.S. 648, 657 (1979).

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the City of Milwaukee, Mayor Barrett and the Milwaukee Common Council are **DISMISSED** as defendants in this action.

Dated at Milwaukee, Wisconsin, this 1 day of July, 2010.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:07-cv-00878-LA   Filed 07/01/10   Page 3 of 3   Document 32