# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS EDWARD CHAPMAN,**
        **Plaintiff,**

      v.                                     Case No. 07-CV-00878

**WALTER TYSHYNSKY,**
        **Defendant.**

## DECISION AND ORDER

      Pro se plaintiff Thomas E. Chapman sues defendant City of Milwaukee police officer Walter Tyshynsky under 42 U.S.C. § 1983 for violation of plaintiff's Fourth Amendment rights. I have given plaintiff three opportunities to replead his complaint, and before me now is defendant's motion for summary judgment based on plaintiff's third amended complaint. Summary judgment is required if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering defendant's motions, I take the evidence and all reasonable inferences therefrom in the light most favorable to plaintiff, the non-moving party. Carlisle v. Deere & Co., 576 F.3d 649, 653 (7th Cir. 2009). I may grant a motion only if no reasonable juror could find for plaintiff. Id.

      The uncontested facts in this case are as follows: Defendant is an officer with the License Investigation Unit assigned to enforce the Public Passenger Vehicle Regulations, Milwaukee City Ordinance ("MCO"), Chapter 100. Under MCO, Subchapter 4, 100-59.1, .13, and .14, all taxi drivers are required to display their licenses to operate their vehicles in a location that is clearly visible to passengers and to have trip records and safety

checklists "readily available for inspection upon request by the police department." Plaintiff is a taxi driver licensed to do business in Milwaukee, and defendant stopped plaintiff's taxi on July 8, 2008, October 3, 2009, and November 6, 2009. During each of these stops, defendant checked that plaintiff's license was current and clearly visible and inspected plaintiff's trip records and safety checklists. Defendant then allowed plaintiff to leave without issuing a citation.

Based on these facts, defendant is entitled to judgment as a matter of law because his actions do not constitute a violation of the Fourth Amendment. City ordinances require defendant to stop taxi drivers to check their trip records and safety checklists as part of his official duties, and in this case defendant did exactly that. Plaintiff has not challenged the validity of the controlling city ordinances, and there is no evidence that defendant intended to or did harass plaintiff. Defendant briefly stopped plaintiff three times between 2007 and today, and defendant has never issued a citation to plaintiff. Therefore, I will grant defendant's motion for summary judgment.

I will also deny the request plaintiff submitted to this court on September 8, 2011 for additional documents from defendant. Plaintiff asked the city to provide him with a break down of citations issued to taxis as opposed to limousines. As discussed at the telephone status conference on September 7, 2011, defendant is unable to provide this information because taxis and limousines are both classified as "PP vehicles" in the city's records. All the defendant can produce is a list of citations issued to "PP vehicles," and he has already produced that list.

**THEREFORE, IT IS ORDERED** that plaintiff's request for additional documents [DOCKET #86] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for nihil-dicit default judgment [DOCKET #91] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [DOCKET #76] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of February 2012.

s/_____
LYNN ADELMAN
District Judge